[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 9, 2005
THOMAS K. KAHN
CLERK

No. 05-11973
Non-Argument Calendar

_____

D. C. Docket No. 04-00475-CR-T-30MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDINSON MAFLA LERMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 9, 2005)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Edinson Mafla Lerma, the appellant, was one of eight crew members aboard

a fishing vessel the U. S. Navy intercepted outside the Columbian, S.A., fishing zone. The vessel was carrying 245 bales of cocaine, weighing approximately 5,512 kilograms. Lerma and his fellow crew members were brought to Tampa, Florida and indicted. Count One of the indictment charged them with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel, in violation of 46 App. U.S.C. § 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii); Count Two charged them with possession of such quantity of cocaine with intent to distribute, in violation of 46 App. U.S.C. § 1903(a) and 21 U.S.C. § 960(b)(1)(B)(ii). Lerma pled guilty to both counts, and the district court sentenced him under the Federal Sentencing Guidelines to concurrent prison terms of 135 months.[1] He now appeals his sentences.

Lerma asks that we vacate his sentences and remand the case for resentencing on the ground that the district court, in arriving at the appropriate sentence range, erred in failing to reduce his offense level by two levels pursuant to U.S.S.G. § 3B1.2 for playing only a minor role in the criminal activity. He contends that his role was that of only a crew member or "mule," there was no evidence that he ever owned, sold, or distributed drugs in exchange for money, and his role was clearly less than other participants in the drug conspiracy, such as the

---

[1] The sentence range prescribed by the Sentencing Guidelines for Lerma's offenses and his criminal history category of I called for a prison term of 135 to 168 months.

2

transporters and owners of the drugs.

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error."[2] United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Section 3B1.2 of the Sentencing Guidelines provides for a four-level decrease to a defendant's offense level if the defendant was a minimal participant in any criminal activity and a two-level decrease if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2.

A defendant who is a minimal participant is one who is plainly among the least culpable of those involved in the conduct of a group. U.S.S.G. § 3B1.2, comment. (n.4). A defendant is a minor participant if he is less culpable than most other participants, but whose role cannot be described as minimal. U.S.S.G. §3B1.2, comment. (n. 3). In determining a defendant's mitigating role in the offense, the district court "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing ... [and] may also measure the defendant's role against the other participants ... in the relevant

---

[2] In United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court excised 18 U.S.C. § 3742(e), which established the standards of review on appeal. We have held, however, that pre-Booker standards for reviewing the district court's application of the Sentencing Guidelines, i.e., reviewing its findings of fact for clear error and questions of law de novo, still apply. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

conduct." De Varon, 175 F.3d at 945. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

The record in this case supports the district court's finding that the relevant conduct attributable to Lerma was not minor or minimal. With respect to the first prong of the DeVaron analysis, the court held Lerma accountable only for the possession of the 5,512 kilograms of cocaine. Therefore, his actual and relevant conduct were one and the same. Where a drug courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important and essential role in that crime. See DeVaron, 175 F.3d at 942-43.

With respect to the second prong of the DeVaron analysis, there is insufficient evidence to show that Lerma was a minor or minimal participant in comparison to others. In determining whether a defendant was less culpable than others, "the district court should look to other participants only to the extent that they are identifiable or discernible from the evidence." Id. at 944. Here, the only persons identifiable from the evidence are Lerma and the seven other crew members of the vessel. Lerma argues that there were other individuals involved, but proffered no evidence supporting this claim. We have made clear that, "where

4

the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a [mitigating-role] adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. Additionally, Lerma provided no evidence that he was less culpable than the other crew members. He claims that he was a only crew member, but he provided no evidence showing that his responsibilities aboard the vessel were less vital to the enterprise than those of the other crew members.

To conclude, Lerma had the burden to prove he played a mitigating role, and he did not meet his burden.

AFFIRMED.

5